**Richard E. SMITH, Petitioner,**

v.

**DEPARTMENT OF JUSTICE,
Respondent.**

No. 01–3327.

United States Court of Appeals,
Federal Circuit.

Dec. 10, 2001.

---

Before BRYSON, LINN, and DYK, Circuit Judges.

## DECISION

PER CURIAM.

Petitioner Richard E. Smith seeks review of the decision of the Merit Systems Protection Board, No. CH–0752–00–0803–I–1, 2001 WL 856096, dismissing his appeal. We *affirm*.

## BACKGROUND

On November 26, 1973, the Bureau of Narcotics and Dangerous Drugs ("BNDD"), the predecessor of the Drug Enforcement Administration ("DEA"), hired Mr. Smith as a criminal investigator in its Detroit field office. In December 1982, citing unfair treatment because of his race, Mr. Smith filed a discrimination action in federal district court under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16. Shortly after the lawsuit was filed, Mr. Smith's supervisor gave him low ratings in an assessment of his potential for promotion. Those ratings were in contrast to the high ratings he had received throughout his tenure with the BNDD and the DEA. Subsequently, on March 16, 1983, Mr. Smith received a notice of proposed dismissal citing various transgressions. Mr. Smith was terminated effective April 22, 1983. He did not appeal that decision to the MSPB.

Several months after his removal, Mr. Smith disclosed to a newspaper reporter grand jury material pertaining to an ongoing DEA investigation, in violation of Federal Rule of Criminal Procedure 6(e). Mr. Smith was subsequently charged with contempt of court based on that violation. He was convicted of that offense on September 19, 1985, and given a four-month prison sentence, which he served in 1987.

In Mr. Smith's Title VII lawsuit, the district court ruled that the DEA had discriminated against Mr. Smith based on his race and had fired him in retaliation for his legal action against the agency. The court awarded Mr. Smith damages for the time period up to the date of his conviction. At that point, the court concluded, it would have been reasonable for the DEA to terminate Mr. Smith. The district court did not require the agency to reinstate Mr. Smith. Mr. Smith did not appeal that decision.

Eleven years later, Mr. Smith sought a clarification of his status from the DEA. In correspondence with the agency, he claimed that he should have been reinstated to active duty following the district court's 1988 ruling. Accordingly, he asked the agency for back pay and reestablishment of benefits. The DEA replied that it had fully complied with the court order by paying the amount of damages the court had awarded.

On August 29, 2000, Mr. Smith appealed to the MSPB from what he characterized as the agency's "fail[ure] to reinstate [his] employment" after the district court's 1988 ruling. An administrative judge who was assigned to the case dismissed Mr. Smith's appeal as untimely and barred by res judicata. The administrative judge concluded that Mr. Smith's August 2000 appeal was a "patently untimely" effort to contest his 1983 termination and that he had made no showing that he had exercised due diligence in bringing his appeal. In addition, the administrative judge ruled that Mr. Smith was barred by res judicata from relitigating the propriety of his 1983 termination, which the district court had held to be lawful as of the date of Mr. Smith's conviction. Because there was no other adverse agency action from which Mr. Smith had a right of appeal, the administrative judge dismissed the appeal.

The full board denied Mr. Smith's petition for review, and this appeal followed.

## DISCUSSION

■ Mr. Smith characterizes his appeal as taken from the DEA's refusal in August 2000 to reinstate him and provide him with back pay and benefits. The Board, however, has limited appellate jurisdiction, and a refusal to reinstate an employee is not one of the denominated adverse agency actions from which an appeal may be taken to the Board. *See* 5 U.S.C. § 7512 (Board's appellate jurisdiction over agency actions is limited to removals, suspensions for more than 14 days, reductions in grade or pay, and furloughs of 30 days or more); *Cruz v. Dep't of the Navy,* 934 F.2d 1240, 1243 (Fed.Cir.1991) (en banc). Accordingly, to the extent that Mr. Smith seeks to appeal from the agency's refusal to reinstate him, the Board lacked jurisdiction over his appeal.

■ The administrative judge noted that the only adverse agency action from which Mr. Smith could appeal was his 1983 removal. To the extent that his August 2000 appeal could be treated as an appeal from that 1983 agency action, the administrative judge held that the appeal was untimely. Given the extraordinary delay and Mr. Smith's failure to offer any excuse for the delay, the administrative judge's ruling on that issue cannot be regarded as an abuse of discretion.

■ The administrative judge was also correct in ruling that the relief Mr. Smith seeks is barred as a legal matter by res judicata. A necessary element of the district court's judgment granting back pay only to the date of Mr. Smith's conviction, and the court's failure to require that he be reinstated, was the court's conclusion that, following his conviction, Mr. Smith had no further right to reinstatement to his position with the DEA. Mr. Smith did not appeal that adverse aspect of the dis-

trict court's judgment, and he is therefore barred by res judicata from obtaining an administrative order granting reinstatement, back pay, and benefits for the period following the date of his conviction.